UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MELODY C. REDONDO, PAUL REDONDO,<br><br>　　　　　Defendants. | Case No. 1:10-CV-267-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Paul Redondo's Motion of Bill of Particulars (Dkt. 14). For the reasons set forth below, the Court will deny Redondo's Motion.

# ANALYSIS

Paul Redondo contends that the Indictment, which charges him with bank fraud, making a false statement to a financial institution, and wire fraud, fails to specify "the precise fraudulent conduct or false statements the Government contends Mr. Redondo has made." *Def.'s Br.* at 1-2, Dkt. 14-1. He seeks a Bill of Particulars to narrow and define the issues for trial and to avoid any prejudice or undue surprise. *Id.*

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the filing of a bill of particulars ... as the court may permit." A bill of particulars serves three functions: (1) "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial"; (2) "to avoid or minimize the danger of surprise at the time of trial"; and (3) "to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *U.S. v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (quoting *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). A court must consider whether the indictment and all other disclosures made by the government adequately advise the defendant of the charges against him. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citing *Giese*, 597 F.2d at 1180).

Counts Three and Five of the Indictment state that Redondo defrauded and made false statements to Washington Trust Bank in connection with a $100,000 loan funded on August 3, 2007 by misrepresenting his and Defendant Melody Redondo's total income on loan applications and fraudulently overstating their monthly income in a material amount. Counts Six, Seven, Eight, and Ten allege that Redondo engaged in a scheme and artifice to defraud various mortgage lenders through interstate wire communications by fraudulently overstating his and Defendant Melody Redondo's income and falsely representing that they earned a gross rental income of $5000 per month.

These allegations sufficiently apprise Redondo of the charges against him. "In the Ninth Circuit the use of a 'bare bones' information – that is one employing the statutory

language alone – is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished." *U.S. v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (internal citation and quotation marks omitted). Here, the Indictment surpasses the "bare-bones" requirement. It charges Redondo with bank fraud, making false statements to financial institutions, and wire fraud by overstating his monthly income on loan applications and to various mortgage lenders; it identifies the institutions and loans at issue and the date of each of the charged activities. It thus serves its intended purposes.

Moreover, the Government represents, with no dispute from Redondo, that it has provided Redondo with full discovery. Full discovery obviates the need for a bill of particulars. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). The Court therefore finds that the information contained in the indictment and the discovery in this case satisfy Rule 7.

## ORDER

IT IS THEREFORE ORDERED that Defendant Paul Redondo's Motion for Bill of Particulars (Dkt. 4) is DENIED.

DATED: **January 4, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge