John R. Kormanik, ISB #5850
**KORMANIK HALLAM & SNEED LLP**
1099 S. Wells St., Suite 120
Meridian, ID   83642
Telephone:     208.288.1888
Facsimile:     866.821.9543
*jrk@ khsidaholaw.com*

*Attorneys for Defendant Paul Redondo*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO. CR 10-267-S-REB** |
| | ) | |
| vs. | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| PAUL REDONDO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMES NOW, the above-named Defendant, Paul Redondo, by and through his counsel

of record, John R. Kormanik of the firm KORMANIK HALLAM & SNEED LLP, and hereby files this

*Sentencing Memorandum*.

**A.  PRESENTENCE REPORT**

The Presentence Investigation Report ("PSR") was supplied to counsel on or about

March 30, 2011. On or about April 11, 2011, Paul Redondo filed *Defendant's Objections to*

*Presentence Investigation Report – Filed Under Seal* (Dkt 35). On or about April 27, 2011, the

Final Presentence Investigation Report ("FPSR") and the Addendum to the Presentence Report

("Addendum") was provided to counsel. The Addendum noted Paul's objections to the PSR;

SENTENCING MEMORANDUM – Page 1

notwithstanding those objections, however, those objections were not approved. In fact, in the Addendum, the Probation Officer, without evidentiary support, provides her opinion regarding Mr. Redondo's knowledge of, and participation in, uncharged conduct. Mr. Redondo objects to ¶ 7 of the Addendum insofar as the author's opinions are unsupported by the evidence. Mr. Redondo stands by his objections to the PSR.

In the FPSR, the Probation Officer reached the conclusion Mr. Redondo's "Total Offense Level" under the Guidelines is eight (8). (FPSR ¶ 61). As set forth in his *Objections*, Mr. Redondo continues to assert he should be considered a "minimal participant" under Guideline § 3B1.2(a). Thus, Mr. Redondo believes his "Total Offense Level" should be six (6).

Thereafter, the Probation Officer also concluded Mr. Redondo's "Criminal History Category" under the Guidelines to be I. (FPSR ¶ 64). Paul agrees with this determination of his criminal history.

It is well established: the Guideline calculation is but one factor for the Court to consider in regard to Mr. Redondo's sentencing. Consideration of the factors set forth in 18 U.S.C. § 3553(a) reveals a sentence which does not include any jail/prison time is appropriate and just in this case. Indeed, the Government does not object to such a sentence in Mr. Redondo's case. *See Rule 11 Plea Agreement* (Dkt 22), p. 6.

## B.  DISCUSSION OF § 3553(a) FACTORS

Title 18 U.S.C. § 3553(a) governs federal sentencing. It requires the court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Paragraph 2." Section 3553(a)(2) states such purposes are: a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; b) to afford adequate deterrence to criminal conduct; c) to protect the public from further crimes of the

defendant; and d) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) also instructs the sentencing court to consider: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kinds of sentences available; 4) the sentencing range established by the guidelines; 5) any pertinent policy statement issued by the Sentencing Commission; 6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and 7) the need to provide restitution to any victims of the offense. For the purposes of this *Memorandum*, the aforementioned factors can be distilled into three main categories: (1) the nature of the offense; (2) the history and character of the defendant; and (3) the needs of the public and any victims of the crime.

1. **Application To The Present Case**

    a. <u>Nature of the offense</u>

The offense Paul has been charged with, and pled guilty to, is indeed a serious one. In the context of the other individuals referenced in the FPSR, however, it is clear Mr. Redondo's conduct pales in comparison. It is telling: of the twenty-nine (29) paragraphs contained in the "Offense Conduct" section of the FPSR, Mr. Redondo's name is "mentioned" in only six (6) paragraphs. Indeed, only one (1) paragraph in the "Offense Conduct" appears to relate to the crime to which Mr. Redondo has pled guilty. The remaining paragraphs concern, for the most part, to actions of Melody Redondo and others.

Additionally, the FPSR contains eight (8) "Related Cases" in which individuals have pled guilty and have either been, or are going to be, sentenced. These eight (8) "Related Cases," of course, do not include Melody Redondo's matter. All of these cases apparently involve guilty

pleas to felony offenses; Paul pled guilty to a misdemeanor.

Further, Mr. Redondo's conduct should be placed in proper context. According to Mr. Redondo, although he accepts full and complete responsibility for his crime, his was a sin of omission. The loan application at issue in this matter was a telephone application, made by Melody Redondo. (FPSR ¶ 48). Mr. Redondo failed to carefully review the loan documents when he went to the financial institution to execute the documents. *Id.* Had he done so, he would have realized the amount listed for his income was incorrect and would have taken steps to rectify the error. *Id.*

It is not as if Mr. Redondo personally profited from his crime: each and every dollar of the loan was used to either improve the property (to the betterment of all lien holders) or pay off contractors who had provided services to improve the property (again to the betterment of all lien holders). (FPSR ¶ 49).

Finally, insofar as the other loan applications referenced in the FPSR, Mr. Redondo was, as with the loan at issue in this matter, virtually totally uninvolved in providing information to the mortgage brokers/lenders. Melody Redondo was responsible for keeping the family's financial affairs in order; she was responsible for providing income numbers to the lenders. Mr. Redondo's carelessness in failing to review these other loan documents, although inexcusable, was his practice.

      b.  The character of the Defendant

It is clear from the FPSR – Mr. Redondo has led a crime-free life and what can only be called an exceptional life. After serving a mission in the Chinese community in Houston, Texas, Mr. Redondo graduated from the University of Utah in 2004. (FPSR ¶ 68). Upon graduation, Mr. Redondo received dual Bachelor of Arts Degrees in Asian Studies and Chinese. (FPSR ¶ 73). He

SENTENCING MEMORANDUM – Page 4

married Melody Redondo on December 3, 2004. (FPSR ¶ 69). He and Melody have two young children: Frank, age 5 and Andrea, age 2. (FPSR ¶ 69).

At the present time, Paul is the sole bread-earner in the Redondo household. Although he is currently a real estate agent, (FPSR ¶ 73-74), he will report his current conviction to the Idaho Real Estate Commission, as required by Idaho law and the Commission's rules. It is anticipated his agent's license will either be suspended or revoked pursuant to Idaho Code § 54-2059.

The FPSR also notes Mr. Redondo has, in the past, held Series 6 and 63 securities licenses. (FPSR ¶ 73). If he were to attempt to re-instate his SEC licenses, Mr. Redondo would have to report his conviction in this matter.

        c.   <u>The needs of the public and victims</u>

In this case, the public need not be protected from Mr. Redondo. The victim in this matter, Washington Trust Bank, also does not need to be protected from Mr. Redondo. In fact, the current lien holder on Mr. Redondo's residence allowed him to reaffirm his debt through the bankruptcy process.

Neither the public nor the victim in this matter would benefit from any period of incarceration for Mr. Redondo. In fact, the victim would substantially benefit if Mr. Redondo was not incarcerated because Mr. Redondo will be working and, thus, better able to work toward providing restitution to Washington Trust Bank.

## C. CONCLUSION

For the foregoing reasons, Paul Redondo, by and through his attorney, John R. Kormanik, of the firm KORMANIK HALLAM & SNEED LLP, respectfully requests the Court impose a fair and just sentence in this matter that does not include any period of incarceration.

Respectfully submitted this 29th day of April, 2011.

KORMANIK HALLAM & SNEED LLP

/s/ John R. Kormanik
John R. Kormanik, of the Firm
Counsel for Defendant Paul Redondo

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2011, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

George Breitsameter

Additionally, a copy of the foregoing was served on the following parties by first class mail, postage prepaid, addressed to:

None

/s/ John R. Kormanik
John R. Kormanik, of the Firm

P:\Work\R\Redondo, Paul - CJA\Pleadings\Sentencing Memorandum 2011-04-29.docx

SENTENCING MEMORANDUM – Page 6